Timothy R. Fischer, WSBA No. 40075

Murphy, Bantz & Bury, P.S.

818 W. Riverside Avenue

631 Lincoln Plaza

Spokane, WA 99201

(509) 838-4458

Attorneys for Debtor in possession

The Honorable Frank L. Kurtz

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>DAICHII SOLAR WORLD, LLC,<br><br>Debtor in possession. | No. 11-01020-FLK11<br><br>**DEBTOR'S EMERGENCY MOTION FOR ORDER: (1) DEEMING UTILITY COMPANIES ADEQUATELY ASURED OF FUTURE PERFORMANCE, (2) ESTABLISHING PROCEDURES FOR ADDITIONAL ASSURANCE, AND (3) RESTRAINING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE, AND; MEMORANDUM OF AUTHORITIES IN SUPPORT** |

### I. INTRODUCTION AND SUMMARY OF RELIEF REQUESTED

Daichii Solar World, LLC (hereinafter alternatively referred to as the "Company" or the "Debtor") filed for protection under Chapter 11 of the Bankruptcy Code on March 3, 2011 (the "Petition Date"). The Debtor remains

EMERGENCY MOTION FOR ORDER DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED - 1

Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue
631 Lincoln Building
Spokane, WA 99201
(509) 838-4458

11-01020-FLK11    Doc 10    Filed 03/07/11    Entered 03/07/11 15:52:30    Pg 1 of 12

in possession of its assets and continues to operate and manage its business pursuant to 11 U.S.C. §§ 1107 and 1108.

In accordance with 11 U.S.C. § 366, the Debtor hereby makes its adequate assurance proposal to utilities. The terms of the adequate assurance proposal are set forth in section III below and proposed procedures in connection therewith are set forth in Sections IV and V below. Pursuant to this motion the Debtor requests that the court issue an order:

1. Determining that utility providers have been provided with adequate assurance of payment within the meanings of Section 366 of the Bankruptcy Code;

2. Approving the Proposed Adequate Assurance (as defined below);

3. Prohibiting utility providers from discontinuing, altering, or refusing service to, or discriminating against the Debtor;

4. Establishing procedures for utility providers to opt out of the proposed Adequate Assurance Procedure; and

5. Determining that the Debtor is not required to provide any additional assurance, beyond what is proposed in this Motion.

## II. Debtor's Utilities

In connection with the operation of its business, the Debtor obtains electricity, water/sewage, waste removal, telephone, cable and other services from a number of different utility providers (the "Utility Providers"). A list of the Debtor's continuing Utility Providers, and the amounts of the Debtor's

EMERGENCY MOTION FOR ORDER DEEMING UTILITY PROVIDERS ADEQUATELY
ASSURED - 2

Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue
631 Lincoln Building
Spokane, WA 99201
(509) 838-4458

11-01020-FLK11    Doc 10    Filed 03/07/11    Entered 03/07/11 15:52:30    Pg 2 of 12

average one month charges for each utility during the twelve months prior to the commencement of this proceeding, is attached hereto as Appendix "A".

The Utility Providers supply the Debtor with services essential to the continuation of the Debtor's business operations. Any interruption in the utility services provided to the Debtor would seriously disrupt the Debtor's operations and could jeopardize reorganization. The Debtor estimates that the aggregate amount due for a month of service at both property locations is $16,380.56, based on the average over the last twelve months. The Debtor is hereby furnishing adequate assurance of payment to the Utility Providers, as described below.

## III. Adequate Assurance

The Debtor fully intends to pay all postpetition obligations owed to the Utility Providers in a timely manner. The Debtor has consistently made payments to the Utility providers that it will continue to receive services from. The Debtor's history of timely making payments to Utility providers should be found to provide adequate assurance (the "Adequate Assurance") of continuing postpetition payments as the payments become due and owing.

The Utility Providers shall be found to have been provided Adequate Assurance within the meaning of § 366, and shall further be deemed to have waived any right to seek additional adequate assurance during this Chapter 11

EMERGENCY MOTION FOR ORDER DEEMING UTILITY PROVIDERS ADEQUATELY
ASSURED - 3

Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue
631 Lincoln Building
Spokane, WA 99201
(509) 838-4458

proceeding, unless the Utility Provider makes an additional adequate assurance request no later than thirty (30) days after entry of this Order by the Court.

## IV.    Proposed Adequate Assurance Procedures

Section 366(a) of the bankruptcy Code recognizes the necessity of continuous utility services and prohibits utility providers form altering, refusing or discontinuing utility services to, or discriminating against, a debtor due to either its bankruptcy filing or any outstanding prepetition obligations for a period of thirty days after the filing of the Petition. At the conclusion of the thirty day period, however, a utility company may discontinue services if a debtor has not furnished adequate assurance of payment. 11 U.S.C. § 366(c)(2).

In light of the severe consequences to the Debtor of any interruption in utility services, but recognizing the right of Utility providers to evaluate the Proposed Adequate Assurance, the Debtor is proposing procedures that will enable it to cooperatively work with the Utility Providers in a coordinated manner to resolve any adequate assurance issues. If the Debtor and the Utility Providers cannot resolve such issues, the Court should determine first whether additional adequate assurance of payment is necessary and, if so, how much it should be before the Utility Provider may cease performance for failure of adequate assurance. The Debtor proposes the following procedures to effectuate said result:

EMERGENCY MOTION FOR ORDER DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED - 4

Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue
631 Lincoln Building
Spokane, WA 99201
(509) 838-4458

11-01020-FLK11    Doc 10    Filed 03/07/11    Entered 03/07/11 15:52:30    Pg 4 of 12

1. The Debtor will expeditiously send a copy of this Motion to each Utility provider that the Debtor seeks to continue business with.

2. A Utility Provider desiring additional assurances of payment must serve a request (an "Additional Assurance Request") upon the Debtor (through the Debtor's counsel.

3. The Additional Assurance Request must be made and actually received by the Debtor's counsel no later than thirty days after entry of the Order approving this Motion. If a Utility Provider fails to timely file and serve its request, it shall be forbidden from discontinuing, altering or refusing service to the Debtor on account of any unpaid prepetition charges or the commencement of this Chapter 11 case, or require Additional Assurance, and shall be deemed to have received Adequate Assurance pursuant to § 366.

4. Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) identify the Utiltiy Provider; (iv) briefly describe the type of utility services provided; (v) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, and; (vi) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient assurance of future payment.

5. Upon the Debtor's receipt of any Additional Assurance Request, the Debtor shall have (a) fourteen days from the receipt of any Additional Assurance Request, or (b) thirty days from the Petition Date (collectively, the "Resolution Period") to negotiate with the Utility provider to resolve that Utility Provider's Additional Assurance Request. During this period the Utility provider shall not behave in the manner described above in Section IV(3).

6. The Debtor may, in its discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility provider with Additional Assurance, including, but not limited to, cash deposits, prepayment and/or other forms of security, without further order of this Court, if the believes such Additional Assurance is reasonable.

EMERGENCY MOTION FOR ORDER DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED - 5

Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue
631 Lincoln Building
Spokane, WA 99201
(509) 838-4458

11-01020-FLK11    Doc 10    Filed 03/07/11    Entered 03/07/11 15:52:30    Pg 5 of 12

7. If the Debtor determines that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Provider during the Resolution period, the Debtor, during or immediately after the Resolution period, will request a hearing before this Court to determine the adequacy of assurances with respect to the particular Utility Provider, pursuant to § 363(c).

8. Pending resolution of any such determination hearing, such Utility Provider shall be restrained from acting in the manner described above at Section IV(3).

The Debtor does not anticipate any problems in honoring its utility obligations, and expects that its use of Cash Collateral (as outlined in the Motion and Memorandum for use of Cash Collateral) will be more than sufficient to pay all postpetition utility obligations. Accordingly, the Debtor believes that additional adequate assurance payments will prove to be unnecessary, and if forced to submit the matter before this Court, would argue the same.

## V. Opting Out

Any Utility Provider who objects to the Adequate Assurance Procedures outlined above must file an objection to such procedures no more than twenty four (24) days after the entry of an Order by this Court approving this Motion. Any Procedure Objection must (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) identify the Utility Provider; (iv) briefly describe the type of utility services provided; (v) include a summary of

EMERGENCY MOTION FOR ORDER DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED - 6

Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue
631 Lincoln Building
Spokane, WA 99201
(509) 838-4458

the Debtor's payment history relevant to the affected account(s), including any security deposits; (vi) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient assurance of future payment, and; (vii) set forth why the Utility Provider believes it should be exempted from the Adequate Assurance procedure.

If an objection is not filed to the Adequate Assurance Procedures, the Utility Providers will be deemed to have consented to said Procedures.

## VI. Basis for Relief Requested

Courts have discretion to determine the amount of adequate assurance payment and, where appropriate, to determine that no such payment is necessary. See *In re Astle,* 338 B.R. 855, 861 n. 14 (Bankr.D.Idaho 2006)("Since BAPCPA did not amend § 366(b), the case law interpreting that subsection [prior to BAPCPA] is still applicable"). It is well established that § 366(b) permits a court to find that no adequate assurance payment at all is necessary to provide a utility company with adequate assurance of payment. See, *Virginia Elec. & Power Co. v. Caldor, Inc.* 117 F.3d 646, 650 (2nd Cir. 1997).

Additionally, § 366(c), like § 366(b), simply requires a utility's assurance of payment being "adequate." Courts have long recognized that adequate assurance of performance does not require an absolute guarantee of

EMERGENCY MOTION FOR ORDER DEEMING UTILITY PROVIDERS ADEQUATELY
ASSURED - 7

Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue
631 Lincoln Building
Spokane, WA 99201
(509) 838-4458

a debtor's ability to pay. *In re Adelphia Bus. Solutions, Inc.,* 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); See also, *In re Steinbach,* 303 B.R. 634, 641 (Bankr.D.Ariz. 2004)("Adequate assurance of payment is not, however, absolute assurance…all § 366(b) requires is that a utility receive only such assurance of payment as is necessary to protect its interest given the facts of the debtor's financial circumstances").

Based upon the foregoing, the Debtor believes that all Utility Providers have adequate assurance of payment without any additional adequate assurance provisions. As previously discussed the Debtor will pay its operating costs, including utility costs, as they come due. These factors – which the court may (and should) consider when considering the amount of any adequate assurance payments – justify a finding that no adequate assurance payment is required to any Utility Provider.

## VII.  CONCLUSION

The Debtor respectfully requests that the Court grant the Debtor's Motion, and find that the Utility providers are deemed adequately assured, and approve the foregoing proposed dispute procedures.

/./.

/./.

Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue
631 Lincoln Building
Spokane, WA 99201
(509) 838-4458

DATED this 7th day of March, 2011.

MURPHY, BANTZ & BURY, P.S.
/s/ Timothy R. Fischer

_____
TIMOTHY R. FISCHER, WSBA # 40075
Attorneys for Debtor-in-Possession

EMERGENCY MOTION FOR ORDER DEEMING UTILITY PROVIDERS ADEQUATELY
ASSURED - 9

Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue
631 Lincoln Building
Spokane, WA 99201
(509) 838-4458

11-01020-FLK11     Doc 10     Filed 03/07/11     Entered 03/07/11 15:52:30     Pg 9 of 12

# APPENDIX "A"

North Spokane Location

| Vendor | 12 MO Avg |
|---|---|
| AT&T | $49.42 |
| Avista Utilities | $1,484.60 |
| City of Airway Heights | $0.00 |
| City of Spokane | $1,950.94 |
| Comcast Cable | $504.51 |
| Qwest | $739.54 |

West Spokane Location

| Vendor | 12 MO Avg | Notes |
|---|---|---|
| AT&T | $217.37 | |
| City of Airway Heights | $3,345.38 | |
| Comcast Cable | $1,982.52 | |
| Inland Power & Light | $4,445.23 | |
| Qwest | $552.98 | |
| Sunshine Disposal & Recycling | $1,117.07 | |